## RUBIN AND CHERRY SHOWS, INCORPORATED, *v.* WAGNER.

[No. 12,845. Filed November 22, 1927.]

1. APPEAL.—An appellate tribunal will not weigh conflicting evidence. p. 495.

2. PHYSICIANS AND SURGEONS.—*That physician made out bill to third person at request of one of the company employing him held not to preclude his recovery from the company.*—A physician employed by a company engaged in giving shows at a fair to render medical services to and care for a spectator injured at one of such shows may recover for his services although, at defendant's request, the physician made out a bill for such services to the owner of one of the shows which constituted a unit in the exhibits given by the defendant. p. 495.

3.  PHYSICIANS AND SURGEONS.—*Physician may recover reasonable value of services although bill was rendered for less sum.*—Where the evidence showed that plaintiff, a physician, was employed by defendant's agents to render medical services to and to care for a person injured under circumstances rendering the defendant liable, the fact that the physician made out a bill for a sum agreed on as the price of the services if paid in advance, would not preclude his recovery of a larger amount proved to be the reasonable value of his services, nothing having been paid in advance.  p. 495.

From Marion Superior Court (A 31,119) ; *James M. Leathers,* Judge.

Action by Herbert T. Wagner, a physician, against the Rubin and Cherry Shows, Incorporated, for medical services rendered.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*  By the court in banc.

*Jakiel W. Joseph* and *Jacob Morgan,* for appellant.
*Matson, Carter, Ross & McCord,* for appellee.

McMAHAN, J.—This is an appeal arising out of an action by appellee, a physician, against appellant for professional services.  The complaint alleges that appellant employed appellee to render the necessary services to Harold Dinsmore, who had been injured while an invitee to one of appellant's shows which was being exhibited at the state fair grounds in September, 1923.

There was an answer in two paragraphs, one a general denial, and the other alleging that Harold Dinsmore was injured while watching the show of Ringen's Water Circus; that appellee had been employed by that company, and that thereafter appellee sent a bill to the water circus for $200, and that later, appellant, out of funds of the water circus, paid appellee $100.  That in all the transactions with appellee, appellant was acting as the agent of the water circus and not otherwise.

The facts were found specially and are, in substance, as follows:  Appellee is a duly licensed physician in this state.  Appellant is a corporation and, in September,

1923, employed appellee to attend and render all professional services necessary to Dinsmore, who had been injured while in attendance of one of appellant's shows, then being exhibited at the state fair. Appellee rendered such services. The value of such services was $612.50. Appellant paid appellee on account of such services $100. The court concluded, as a matter of law, that appellee should recover $512.50, and judgment followed such conclusion.

A decision of the questions presented calls for a consideration and weighing of conflicting evidence. No authority need be cited in support of the statement that this court will not weigh conflicting evidence.

1.

The evidence is sufficient to sustain a finding that appellee was employed by appellant to render all the necessary medical and professional services in taking care of and treating Dinsmore, a person who had been injured while attending a show which was being exhibited at the state fair ground. The employment was made through two employees of appellant and under such circumstances as to warrant an inference that they had full authority to employ appellee and that they did employ him as the agents of appellant. The Ringer Water Circus was not mentioned by any one at time of the employment and there is nothing to connect that company with the matter until some time after the employment, when appellee, at the request of one of the persons who employed him, made a bill against the Ringer Water Circus for $200 for services rendered to the injured person, and later appellee received a letter from the Ringer Water Circus with $100. The bill which appellee made to the circus people was, as he testified, made out as he was directed to make it by one of the persons who employed him, and it was directed to the circus people in care of appellant. Appellee testified

that, when he was employed, it was insisted that he state what he would charge for the services rendered by him, and that, after some controversy and objection on his part to naming a definite sum before the services were performed, he told them he would take a chance on it, and would do the work for $200 if he was then paid for such work. He was directed to care for the injured person, but he was not then paid for his services, and when he failed to receive his pay, he brought suit for the value of his services. The evidence is sufficient to sustain a finding that Dinsmore was injured under such circumstances as to render appellant liable, and that appellant employed appellee to give him all the medical services necessary to cure him. The fact that appellee made out a bill to the circus company would not prevent a recovery against appellant. Nor does the fact that such bill was made out for $200 prevent appellee from suing for and recovering the reasonable value of the services. If, as appellee contends, appellant did not accept his offer to do the work for $200 if paid at once, and did not pay the $200 in advance but directed him to proceed and give the boy the necessary attention, a recovery may be had for the reasonable value of the services rendered.

Judgment affirmed.

Dausman, J., absent.                                    ●